## WILLIAMS, TUCKER et al. vs. THE STATE.

1. The sureties on a forfeited recognizance cannot, by a demurrer to the *scire facias*, test the legal sufficiency of the indictment against their principal. A demurrer to the *scire facias* can reach no further than the recognizance on which the judgment *nisi* is founded.

ERROR to the Circuit Court of Macon.
Tried before the Hon. E. Pickens.

Moses Daniel was indicted in the Circuit Court of Barbour county, for "inveigling, stealing, carrying and enticing away" a negro slave. On his motion, the venue was changed to the county of Macon, and he entered into a recognizance, with plaintiffs in error as his sureties, to appear and answer the charge of negro stealing, before the Circuit Court of Macon. He did not appear, and a judgment *nisi* was entered up against him and his sureties. A writ of *sci. fa.* was issued, and returned "made known," as to the plaintiffs in error, who appeared and demurred to the *scire facias.* The demurrer was overruled by the court, and they then pleaded *nul tiel* record. The plea was found against them, and they prosecuted their writ of error to this court.

Moses Daniel was indicted by the name of Moses Daniels; he pleaded the variance in abatement, as a misnomer, but his plea is untried. The recognizance is in the name of Moses Daniel, and so is the writ of *scire facias.*

The overruling of the demurrer, and the judgment rendered by the Circuit Court, are here assigned for error.

P. T. SAYRE, for plaintiff in error.

Moses Daniels is indicted for the larceny of a negro; a recognizance is given by plaintiffs in error, for the appearance of Moses Daniel. The recognizance was forfeited. *Sci. fa.* issues, reciting that Moses Daniel was bound to answer an indictment against him. *Nul tiel* record is pleaded, and judgment given for the State. Daniel and Daniels are not the same name.—Humphreys v. Whitten, 17 Ala. Rep. 30; so that the record does not show that the facts set out in the *sci. fa.* exist, and the judgment ought therefore to have been for the plaintiffs in error.

M. A. BALDWIN, Attorney General, *contra:*

The want of an indictment against the party, in the court to which he is bound, is no excuse for not appearing. The court, and not the party, must judge of the necessity of his appearance, and the party is not legally discharged, except by an order of court.—State v. Sterrrett, 6 Halst. R. 124; State v. Cooper, 2 Blackf. 226; 11 Mod. Rep. 200, cited in Viner's Abv. 168; 2 Hawk. 173; 1 Chitty Cri. Law, 105;

Ellison v. State, 8 Ala. Rep. 273; Shreeve & Knapp v. State, 11 ib. 678; State v. Weaver, 18 Ala. Rep. 296.

LIGON, J.—This case is very fully covered by the decision of this court in the case of The State v. Weaver *et. al.*, 18 Ala. Rep. 293. It was there ruled, that the sufficiency of the indictment can not be brought in question upon a demurrer to the *scire facias* on a forfeited recognizance. The recognizors (except the accused) have no connection with the indictment, and the question of regularity or irregularity, in this respect, is wholly disconnected from their undertaking. They bind themselves that their principal shall appear and answer the charge against him, and if he fail to do so, the condition of their bond is broken, and they become liable for the penalty. A demurrer to the *scire facias* can reach no further than the recognizance on which the judgment *nisi* is founded, and in this case it is not pretended that there is error to be found in the proceedings on the recognizance, but the error assigned relates to the indictment alone.

The plea of *nul tiel* record is unsustained, and the judgment rendered on it by the court below is free from exception.

Let the judgment of the court below be affirmed.