## THE STATE vs. ELDRED.

[SCIRE FACIAS AGAINST BAIL.]

1. *Sufficiency of bail-bond in description of offense.*—Under the provisions of the Code, (§§ 3668, 3678, 3679,) a demurrer does not lie to a *scire facias* against bail, on account of an incorrect description of the offense in the undertaking of bail, when the undertaking sufficiently identifies the pending indictment.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. ROBERT DOUGHERTY.

IN this case, an indictment having been found at the spring term, 1854, of the circuit court of Macon, against Geo. N. Eldred and J. Robinson, for exhibiting, "at the village of Union Springs in said county, a side show, without first having paid the license as by the statute made and provided;" the defendant Eldred, when arrested, gave bail for his appearance at the next term of said court, to answer said indictment. The undertaking of bail was conditioned for the defendant's appearance at the next term of the court, and from term to term thereafter until discharged by law, "to answer an indictment pending in said court against him for exhibiting a side show at Union Springs in Macon county." The defendant having failed to appear, a judgment *nisi* was entered against him and his sureties, on which a *scire facias* was issued; the *scire facias* and judgment each describing the undertaking of bail as conditioned for Eldred's appearance to answer a pending indictment "for exhibiting a side show at Union Springs, without having first paid license, as required by the statute." The court below sustained a demurrer to the *scire facias*, on the ground that the undertaking of bail did not describe an offense punishable by law.

There is no assignment of errors on the record.

26

M. A. BALDWIN, Attorney-General, for the State, cited Weaver v. The State, 18 Ala. 293; Williams v. The State, 20 Ala. 63; Code, § 3679.

WATTS, JUDGE & JACKSON, *contra*, cited Howie & Morrison v. The State, 1 Ala. 119; Fair & Simpson v. The State, 6 Ala. 795; Hall v. The State, 15 Ala. 434; Jones v. Powell, 9 Ala. 824; Badger & Clayton v. The State, 5 Ala. 21.

WALKER, J.—The Code contains some new provisions, which are proper to be considered at the outset of this opinion. They are as follows :

"§ 3668. The taking of bail consists in the acceptance, by a competent court, magistrate, or officer, of the undertaking of sufficient bail for the appearance of the defendant, according to the legal effect of his undertaking, or that he will pay to the State a certain specified sum."

"§ 3678. The undertaking of bail binds the parties thereto, jointly and severally, for the appearance of the defendant on the first day of the court, from day to day of such term, and from day to day of each term thereafter, until he is discharged by law; and, if the trial is removed to another county, for the appearance of the defendant from day to day of each term of the court to which it is removed, until discharged by law."

"§ 3679. The essence of all undertakings of bail, whether upon a warrant, writ of arrest, suspension of judgment, writ of error, or in any other case, is the appearance of the defendant at court; and the undertaking is forfeited, by the failure of the defendant to appear, although the offense, judgment, or other matter, is incorrectly described in such undertaking; the particular case or matter to which the undertaking is applicable being made to appear to the court."

The first of these statutes makes the taking of bail consist in the undertaking for the appearance; the second declares, that the undertaking binds the defendant to appear; and the third emphatically pronounces the appearance at court to be "the essence of the undertaking,"

and makes an incorrect description of the offense harmless; "the *particular case* or matter to which the undertaking is applicable, being made to appear to the court." The great and controlling object of these laws was, to make the undertaking of bail a security for the appearance of the accused at court. Their entire stress is laid upon "the appearance." They do not, in terms, exact a specification of the purpose of the appearance. But the forms given in sections 3676 and 3677, which are to be considered in connection with the sections above copied, indicate the intention that there should be some designation of the offense, which the accused should appear to answer. The chief object is the appearance. *The correctness and sufficiency of the description of the offense are treated as matters of slight importance.* Although that description may be incorrect, the undertaking may be forfeited, *if the particular case or matter* to which the undertaking is applicable is made to appear to the court.

Where an indictment is pending, the only purpose to be accomplished, by any mention of the offense in the undertaking of bail, is to connect the recognizance with the case in court. It is not pretended that the undertaking of bail in this case does *not point* to the indictment pending, so as to show the case to which it is applicable. On the contrary, we must regard the description of the indictment as correct; for the case is before us on demurrer, and the statements of the *scire facias* must be taken as true. The requisitions of the statute are certainly filled, when the undertaking of bail itself so designates the pending case as to show the applicability to it.

The fact that the undertaking shows that the indictment is not for an offense punishable by law, is no defense. If it were, the legal sufficiency of an indictment might be tested by a demurrer to the *scire facias;* which this court decided, before the adoption of the Code, could not be done.—State v. Weaver, 18 Ala. 293; Williams v. The State, 20 Ala. 63. No valid undertaking of bail could be taken, when the indictment is bad, if its insufficiency were a ground of demurrer to the *scire facias.* Every undertaking of bail would be worthless, and no offender could

be brought into court, unless the indictment were such that it could stand upon demurrer.

We have placed our decision in this case upon the Code. But we do not wish to be understood as deciding that a different result would have been attained, if we had followed the guidance of the decisions of this court before the adoption of the Code, in the cases of Browder v. The State, 9 Ala. 58; Hall v. The State, *ib.* 827; Hall v. The State, 15 Ala. 431, and Weaver v. The State, 18 Ala. 293. We do not review those decisions, and determine their bearing upon this case, because the Code has made it unnecessary for us to do so.

The judgment of the court below is reversed, and the cause remanded.