## VASSER *vs.* THE STATE.

[SCIRE FACIAS AGAINST BAIL ON FORFEITED RECOGNIZANCE.]

1. *Sufficiency of recognizance, and proof in aid of it.*—Where an undertaking of bail stipulates that the principal shall appear at the then next term of the circuit court, and from term to term thereafter until discharged by law, " to answer an indictment pending in said court against him," but does not otherwise describe or identify the indictment, the State may (Code, § 3679) ' adduce proof to the court of " the particular case to which the undertaking is applicable," on the failure of the principal to appear; and if the judgment *nisi* recites that such proof was adduced, and the record does not show that the recital is untrue, the appellate court will presume that the proof was competent and sufficient.

APPEAL from the Circuit Court of Shelby.

The record does not show the name of the presiding judge.

THE record in this case shows, that at the March term of said circuit court, 1856, Frank Crane and William Davis were indicted for an affray; that said Davis, on being arrested, entered into bond, with George R. Vasser as his surety, conditioned that " the said Davis appear at the next term of the circuit court of said county, and from term to term thereafter until discharged by law, to answer an indictment pending in said court against him,

Vasser v. The State.

for ———;" and that at the March term, 1857, a judgment *nisi* was rendered in the cause, which is in these words:

"The State of Alabama} Indictment for an affray. It
*vs.* appearing that the said William
Frank Crane, and Davis and Geo. R. Vasser agreed
William Davis. to pay the State of Alabama one
hundred dollars, unless the said William Davis appeared at this term of this court to answer in this case; and the said William Davis having failed to appear: It is ordered, that the State of Alabama, for the use of Shelby county, recover of the said William Davis and George R. Vasser, on such undertaking, the sum of one hundred dollars, unless they appear at the next term of this court, and show cause why this judgment should not be made absolute."

On this judgment a *scire facias* was issued, which was executed on Vasser, and returned "not found" as to Davis; and at the ensuing fall term, 1857, the following judgment was rendered:

"The State of Alabama, for} This day came the solicitor
the use of Shelby county, on the part of the State, and
*vs.* the defendant Vasser in per-
William Davis, and son, and by attorney, and
George R. Vasser. moves the court to quash the
*scire facias* and bond, or undertaking, upon which the forfeiture in this case is founded; which motion is overruled by the court, and the defendant Vasser excepts; and there being no cause shown why the forfeiture in this case should be set aside or reduced by the court: It is considered and ordered, that the judgment *nisi* rendered in this case at the last term of this court, be, as to the defendant Vasser, made absolute and final; and it is now considered, that the State of Alabama, for the use of Shelby county, recover absolutely of the said defendant Vasser, upon the said undertaking, the said sum of one hundred dollars, and the costs of this case, for which execution may issue."

The rendition of the judgment *nisi*, the overruling of the motion to quash the *scire facias* and bond, and the rendition of the final judgment, are now assigned as error.

S. LEIPER, for the appellant.

M. A. BALDWIN, Attorney-General, *contra.*

RICE, C. J.—Section 3679 of the Code declares, that the essence of all undertakings of bail is the appearance of the defendant at court; and that the undertaking is forfeited by the failure of the defendant to appear, although the offense, judgment or other matter, is incorrectly described in such undertaking; "the particular case, or matter to which the undertaking is applicable, being made to appear to the court."

Although the undertaking of bail relied on here did not, on its face, mention the offense for which the principal was indicted; yet it did stipulate, that he should appear at the then next term of the circuit court of Shelby county, and from term to term thereafter, until discharged by law, "to answer *an indictment pending in said court against him, for* ——." Now, if he failed to appear at court, it was certainly allowable, under the above cited section of the Code, for the State to prove to the court "the particular case to which the undertaking" was applicable. It seems from the recitals of the judgment *nisi,* that such proof was made to the court, and that the principal failed to appear. There is no bill of exceptions, nor other matter in the record, contradicting the recitals of that judgment, or showing that the proof was not competent and sufficient. It is, therefore, impossible for us to say, on this record, that the court below erred in overruling the motion to quash the *scire facias* and bond; for, in the absence of anything appearing to the contrary, we must intend that the proof was competent and sufficient. Not being able to perceive any error in the matter complained of, we affirm the judgment of the court below.