Welch v. The State.

involving those rights, to enter into an inquiry into the pedigree of the individuals holding the offices.

The evils which it is suggested may result, if we sustain the ruling of the circuit judge, are altogether fanciful. In our state of society, it is hardly conceivable that civil offices will ever be conferred on any persons who are known not to be free white males. It is fair to presume, that if any others should be elected to, or hold such offices, they would be persons whose antecedent history was unknown, and whose personal appearance would furnish no indication of the impure blood which is visited with civil incapacity. The necessity of protecting the rights of individuals, securing the public peace, and maintaining the supremacy of law, requires that the official acts of such persons should not be invalidated, nor their title to the office annulled, in any proceeding to which they are not parties.

It was not proposed to prove that Chavis was a slave, but that he was a free negro. And our decision is, that for the purposes for which it was offered, the evidence was inadmissible.

Judgment affirmed.

---

## WELCH vs. THE STATE.

[SCIRE FACIAS AGAINST BAIL ON FORFEITED RECOGNIZANCE.]

1. *Sufficiency of recognizance, and admissibility of parol evidence in aid of it.*—A demurrer does not lie to a *scire facias* against bail, because the offense charged in the indictment is intentionally injuring telegraph wires, while in the *capias*, bail-bond and *scire facias*, it is described as malicious mischief; nor can the bail avail themselves of the supposed variance by motion to exclude the *capias* and bail-bond; but those papers may be connected with the pending indictment to which they relate, by the parol testimony of the sheriff and clerk.

Welch v. The State.

Appeal from the Circuit Court of Clarke.
Tried before the Hon. C. W. Rapier.

In this case, an indictment was found against Columbus
Stewart and Bryant Singleterry, at the fall term of said
circuit court, 1857, charging that they "did cut, pull
down, destroy, or in some manner injure intentionally
the telegraph line running through said county, or some
part or parts of said telegraph line." The defendant
Stewart was arrested under a *capias*, issued at the same
term, and purporting to be founded on an indictment "for
the offense of malicious mischief," alleged to have been
found at that term; and thereupon gave bail, with William
R. Welch and Arthur M. Davis as his sureties, conditioned
for his appearance "to answer an indictment pending in
said court against him for malicious mischief." Stewart
having failed to appear, a judgment *nisi* was taken against
him and his sureties, and a *scire facias* thereon issued,
which was served on the sureties only. The sureties
craved oyer of the indictment, bail-bond and *capias*, and
demurred to the *scire facias*, "for the variance between
said indictment and the bail-bond and *scire facias*." The
court overruled their demurrer, and they then pleaded,
"that at the time said bail-bond was executed, as set forth
in said *scire facias*, there was no such indictment pending
in said circuit court of Clarke against said Stewart as is
set forth in said bail-bond and *scire facias*;" and on this
plea issue was joined.

On the trial, as the bill of exceptions shows, the State
read the *scire facias* in evidence, and then offered to read
the *capias*, and to prove, by the clerk of the court, that it
was issued by him on the indictment above described. The
defendants objected to the reading of the *capias* "because of
the variance between the recitals of the *capias* and of the
indictment," and also to the parol testimony of the clerk;
the court overruled their objections, and they excepted.
In like manner, the court permitted the State to read the
bail-bond in evidence, and to prove by the sheriff that he
took said bail-bond from Stewart when arrested under said
*capias;* and to these rulings of the court exceptions were

likewise reserved. The rulings of the court above stated are now assigned as error.

R. C. Torrey, for the appellants.—Intentionally injuring a telegraph wire is a different offense from "malicious mischief. — Code, §§ 3114, 3116, 3118; Session Acts 1855–6, p. 6. That parol evidence was inadmiisible for the purpose for which it was received, see Deslonde v. Darrington, 29 Ala. 92; Martin v. Barney, 20 Ala. 367; Litchfield v. Falconer, 2 Ala. 280; Thomason v. Odum, 31 Ala. 108; West v. Galloway, 33 Ala. 306; King v. Jemison, 33 *ib.* 500.

M. A. Baldwin, Attorney-General, *contra*, cited The State v. Eldred, 31 Ala. 393; Vasser v. The State, 32 Ala. 586.

A. J. WALKER, C. J.—On the authority of The State v. Eldred, (31 Ala. 393,) and Vasser v. The State, (32 Ala. 586,) the judgment of the circuit court is affirmed.

---

## BIRD vs. THE STATE.

]INDICTMENT FOR GAMING.]

1. *Conviction on testimony of accomplice.* —A conviction cannot be had on the uncorroborated testimony of an accomplice, (Code, §3600,) although such accomplice was also examined as a witness before the grand jury.

FROM the Circuit Court of Choctaw.
Tried before the Hon. C. W. RAPIER.

The bill of exceptions in this case was as follows:
" On the trial of this case, one Callahan, a witness for