## TOLISON *vs.* THE STATE.

[PROCEEDINGS ON FORFEITED RECOGNIZANCE.]

1. *Sufficiency of recognizance in description of offense and defendant's name.*
   Where the indictment charges the offense of living in adultery or fornication, and describes the defendant's name as *Caroline T.;* while the recognizance is signed by *Lucinda Katharine T.*, and is conditioned for her appearance at the next term of the court, "to answer to an indictment pending in said court against her, for the offense of adultery and fornication"; and the recitals of the judgment *nisi* state, that it appeared to the satisfaction of the court that the said *Caroline T.* "signed her bond by the name of *Lucinda Katharine T.*",—there is no variance or misdescription which is available to the recognizors, either on error, or on motion to set aside the final judgment in the court below.

2. *"Stay-law"* of 1861 *construed, as to rendition of judgment against soldiers.*—Under the 9th section of the act " to regulate judicial proceedings," approved December 10, 1861, (Session Acts 1861, p. 36,) which forbids the rendition of judgment " against any citizen or resident of this State, who is, or shall be, a volunteer in the actual military service of this State or the Confederate States, so long as he continues in such military service as a volunteer,"—a surety on a forfeited recognizance can not have the final judgment amended *nunc pro tunc,* so as to discharge him, by proving that, prior to the term at which it was rendered, " he had enlisted and entered into the service of the Confederate States, and was in actual service at the rendition of the judgment."

APPEAL from the Circuit Court of Randolph.
Tried before the Hon. JOHN T. HEFLIN.

THE bill of exceptions in this case shows the following facts: At the spring term, 1860, of said circuit court, an indictment was found against Abner Nixon and Caroline Tolison, charging that they "lived together in a state of adultery or fornication." The defendant Tolison having been arrested, the sheriff took from her a recognizance, which was dated the 4th September, 1861; was signed by *Lucinda Katharine* Tolison, B. C. Harris, and R. G. Gibbs; and was conditioned that "the said Lucinda Katharine appear at the next term of the circuit court of Randolph county, and from term to term thereafter until discharged by law, to answer to an indictment, pending in said court against her, for the offense of adultery and fornication." At the spring term, 1861, the defendant having failed to appear, the following judgment *nisi* was rendered:

"The State *vs.* Abner Nixon, and Caroline Tolison. Indictment for adultery and fornication. It appearing to the satisfaction of the court, that Caroline Tolison, who has signed her bond as Lucinda Katharine, B. C. Harris, and Ransom Gibbs, agreed to pay the State of Alabama two hundred dollars, unless the said Tolison appeared at this term of the court to answer in this case; and the said Caroline Tolison having failed to appear,—it is therefore considered by the court, that the State of Alabama, for the use of Randolph county, recover of the said Caroline Tolison,

B. C. Harris, and Ransom Gibbs, the said sum of two hundred dollars, unless they appear at the next term of this court, and show cause why this judgment should not be made absolute."

On this judgment a *scire facias* was issued, which was directed to "Cornelia Tolison, (who signed her bond as Lucinda Katharine Tolison,) R. C. Harris, and R. G. Gibbs,'' and was otherwise in the usual form. The *scire facias* having been duly executed and returned, and the defendants having failed to appear and show cause, the judgment against them was made absolute at the February term, 1862; the principal defendant being described as Caroline Tolison, "who signed her bond as Lucinda Katharine Tolison." At the March term, 1863, the defendants appeared, "and moved the court to vacate and set aside the final judgment rendered against them at the last term, and also to vacate and set aside the judgment *nisi* rendered against them at a previous term, and to render said judgments at this term, *nunc pro tunc*, as of the terms at which they were respectively rendered; and thereupon the defendants showed to the court, by the record, and by other legal proper evidence," &c., stating all the proceedings had in the cause, as above recited, " and that said R. G. Gibbs, previous to the term to which said *scire facias* was returnable, had enlisted and entered into the service of the Confederate States of America, and was in actual service at the rendition of the judgment final." "Upon this evidence, the court overruled the motion, and each part thereof, on the ground that any errors apparent in the proceedings are not clerical, and, therefore, are not amendable in this court at this term"; to which ruling of the court the defendants excepted.

The appeal is sued out by B. C. Harris, and errors are assigned by him jointly with L. K. Tolison. The errors assigned are, the rendition of the judgment *nisi*, the rendition of the judgment absolute, the refusal to set aside each of those judgments, and the refusal to amend the final judgment "so as to make it conform to the evidence."

J. FALKNER, for the appellants, cited *Browder v. The State*, 9 Ala. 58; *Badger & Clayton v. The State*, 5 Ala. 21;

*Howie & Morrison v. The State,* 1 Ala. 113; *Hall v. The State,* 9 Ala. 827 ; Code, §§ 2401, 2406 ; Session Acts, 1861, p. 36, § 9.

· M. A. BALDWIN, Attorney-General, *contra,* cited *Eldred v. The State,* 31 Ala. 393 ; *Vasser v. The State,* 32 Ala. 586 ; *Welch v. The State,* 36 Ala. 277.

STONE, J.—In the proceedings had in this cause, up to the rendition of judgment final on the bail bond, we find no error which is available to appellants.—See *State v. Eldred,* 31 Ala. 393; *Vasser v. The State,* 32 Ala. 586 ; *Welch v. The State,* 36 Ala. 377.

[2.] The appellants contend, that the judgment should have been amended *nunc pro tunc,* so as to discharge R. G. Gibbs from its operation, under the 9th section of the act "to regulate judicial proceedings," approved December 10th, 1861.—Pamph. Acts, 36. Without noticing the question of the legality of the evidence, under which the amendment was claimed, or any other point except what is after stated, we think the applicant failed to bring his case within the operation of the statute, and the court did not err in overruling his motion. The language of the statute is, "That no judgment shall be rendered (except in attachment cases already commenced), against any *citizen* or *resident* of this State, who is, or shall be, a *volunteer in the actual military* service of this State, or of the Confederate States, so long as he continues in such military service as a volunteer," &c. The only facts pertinent to this question, on which the amendment was claimed, are thus stated in the bill of exceptions : "And that previous to the term of the court to which it was returnable, the said R. G. Gibbs had *enlisted* and *entered* into the *service* of the Confederate States of America, and was in *actual service* at the rendition of the judgment final."

The judgment of the circuit court is affirmed.