## THE STATE *vs.* WHITLEY.

[SCIRE FACIAS ON FORFEITED RECOGNIZANCE.]

1. *Admissibility of parol evidence in aid of recognizance.*—Where a recognizance, or undertaking of bail, taken by a justice of the peace, is conditioned for the appearance of the principal at the next term of the circuit court, " to answer any indictment found against him ", not specifying or referring to any particular offense, parol evidence cannot be received, in a proceeding by *scire facias* against the bail, to connect the recognizance or undertaking with any particular case.

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. GEO. GOLDTHWAITE.

THE record in this case shows that, on the 13th December, 1865, James A. Whitley was arrested on a charge

of grand larceny, and was carried before a justice of the peace for examination; that the justice took from him a recognizance, or undertaking of bail, with W. P. Whitley and W. P. Bullock as his sureties, the condition of which was, "that the said James A. Whitley appear at the next term of the circuit court of Lowndes county, and from term to term thereafter, until discharged by law, to answer any indictment found against him"; that, at the next term of the circuit court, an indictment was found against him, Hilliard Whitley, and Joshua Alexander, charging them with the larceny of a bale of cotton, the personal property of Larkin Cottrell, of the value of one hundred dollars; and that a judgment *nisi* was entered against them, at the same term of the court, in the following words:

"The State *vs.* James A. Whitley, Hilliard Whitley, Joshua Alexander. } Indictment for grand larceny. It appearing to the court that the said James A. Whitley, W. B. Whitley, and W. P. Bullock, agreed to pay the State of Alabama one thousand dollars, unless he, the said James A. Whitley, appeared at this term of the court to answer in this case; and the said James A. Whitley having failed to appear,—it is ordered, that the State of Alabama, for the use of Lowndes county, recover of the said James A. Whitley, W. B. Whitley, and W. P. Bullock, on such undertaking, the sum of one thousand dollars, unless they appear at the next term of this court, and show cause why this judgment should not be made absolute."

On this judgment, a *scire facias* was issued, which was returned "Executed, August 9, 1866, on W. B. Whitley and W. P. Bullock; *non est* for James A. Whitley." A complaint was filed on the forfeited undertaking, in the name of the State, for the use of Lowndes county, which was entitled of the spring term, 1866, and which averred, that the recognizance, or undertaking of bail, was taken in the same case in which the indictment was found. At the November term, 1866, as the bill of exceptions states, "it was agreed between the parties, that the complaint on file should stand in lieu of the *scire facias*. The State then offered to prove, by parol, the following facts set out in said complaint: that

the bond was taken by the justice in the course of the proceedings before him, as stated in the complaint, and was returned to the grand jury, with the transcript of the proceedings before the justice, and the original papers in the examination before him ; that the grand jury returned said indictment into court, with said transcript and papers; and that said indictment was found in the same case in which said bond was taken. The defendants objected to this evidence, and each part thereof, but admitted the other facts stated in the declaration to be true. The court decided, that the parol testimony, as above set forth, was incompetent, and rendered judgment in favor of the defendants ; to which ruling and judgment the State excepted ", and which are now assigned as error.

JOHN W. A. SANFORD, Attorney-General, and CLEMENTS & WILLIAMSON, for appellant.

WATTS & TROY, *contra.*

JUDGE, J.—Section 3679 of the Code provides, that an undertaking of bail is "forfeited by the failure of the defendant to appear, although the offense, judgment, or other matter, is *incorrectly described* in such undertaking ; the particular case, or matter to which the undertaking is applicable, being made to appear to the court."

The undertaking of bail relied on in this case stipulated that James A. Whitley should appear at the then next term of the circuit court of Lowndes county, and from term to term thereafter, until discharged by law, "*to answer to any indictment found against him.*" There is no *incorrect description* of an offense in this undertaking ; on the contrary, no offense is named, and no reference whatever made to any particular case or prosecution. It was never intended by the section of the Code above cited, to dispense with all description of, and reference to, the particular offense charged. This view is not in conflict with the cases of *The State v. Eldred*, (31 Ala. 393,) and *Vasser v. The State*, (32 Ala. 586.)

The circuit court correctly ruled out the parol evidence offered by the State ; and there being no error in the record, the judgment is affirmed.