## MERRILL ET AL. *vs.* THE STATE.

[SCIRE FACIAS ON FORFEITED BAIL BOND.]

1. *Undertaking of bail; when not void.*—An undertaking of bail approved and taken by the sheriff under the order of a chancellor, is not void because the application for bail was not verified ; nor because proper notice was not given to the solicitor, and no writ of *habeas corpus,* or precept to the sheriff to produce the body of the prisoner, was issued. These requirements are directory, though they ought not to be omitted.

2. *Same ; plea, what subject to demurrer.*—A plea against the rendition of a judgment absolute on a forfeited undertaking of bail, that the accused appeared at the court, and was arrested on a *capias* issued by the clerk after indictment found, without more, is subject to demurrer.

APPEAL from Circuit Court of Randolph.
Tried before Hon. L. R. SMITH.

HUDSON, RICHARDS & HENDERSON, for appellants.
ATTORNEY-GENERAL, *contra.*

The facts appear in the opinion.

B. F. SAFFOLD, J.—The appeal is taken from a judgment absolute rendered against the appellants on an undertaking of bail. One error assigned is, that the order of the chancellor authorizing the sheriff to take and approve the undertaking was void.

James A. Merrill being in jail under a commitment by the probate judge as an examining magistrate, charged with murder, made written application to the chancellor for bail. This petition was signed with the name of Merrill, written by his attorneys at his instance, but it was not verified. The chancellor, on receiving it, with a copy of the evidence taken on the preliminary examination appended, made an order authorizing the sheriff to take the undertaking. He issued no writ of *habeas corpus,* or precept to the sheriff or other officer to bring the body of the

Merrill et al. v. The State.

prisoner before him. Notice of the intended application was given to the solicitor, but the hearing was at another time and place than that designated.

Section 4261 of the Revised Code authorizes the application for a writ of *habeas corpus* to be made by any one in behalf of the prisoner. The verification is, that the statements are true to the best of the knowledge, information and belief of the petitioner. From the nature of the case, and the latitude allowed in the verification, the formalities required must be deemed directory merely. There might be no statement of the application which the petitioner could verify as a witness, not even the imprisonment. Nevertheless, the magistrate ought to require a verification to prevent imposition, and needless vexation of innocent persons. The chancellor obtained jurisdiction of the case.

In bailable cases, where the prisoner waives an examination into the facts, the judge may fix the amount of bail without notice to the solicitor or prosecutor; though in so doing he must act on the presumption that the offense is of the highest grade.—Rev. Code, § 4270. As this charge was of murder, and the highest grade is not bailable, the matter was conducted irregularly. But shall the prisoner and his bail be allowed to escape the liability they voluntarily assumed, on the ground that he was too guilty to go at large under any circumstances? All of the objections made by the appellants are to irregularities in their behalf. But the chancellor acquired cognizance of the case. He decided it to be bailable, and empowered the sheriff to take the bail, which was done. The undertaking is not void.

The plea of the defendants was, that the accused appeared at the next term of the court, and was arrested by the sheriff on a *capias* issued by the clerk upon an indictment found at that term. This was demurred to on the ground that it did not aver authority to the clerk to issue the *capias,* or that the bail had surrendered their principal. The demurrer was sustained. Section 4153 of the Revised Code, which requires the clerk to issue writs of arrest as

soon as practicable after the filing of the indictment, excepts the cases where the defendant is in custody, or on bail. Section 4244 declares the undertaking of bail to bind the parties thereto, jointly and severally, for the appearance of the defendant on the first day of the court, from day to day of such term, and from day to day of each term thereafter, until he is discharged by law. These provisions, taken in connection with the privilege of the bail of surrendering the defendant whenever they desire to do so, compel the conclusion that the demurrer was properly sustained.

The judgment is affirmed.