# Holcombe *v.* The State.

*Scire Facias against Bail, or Forfeited Recognizance.*

1. *Description of case in judgment nisi and sci. fa*—In proceedings against bail on a forfeited recognizance, great particularity is not required, and technical objections for want of form are not available, if the particular case is made to appear to the court (Code, § 4331); and where the name of the case is correctly stated in the judgment *nisi* and the *scire facias*, followed by the words "*Indictment for burglary*," it is not necessary that they should recite, as a fact, that an indictment for burglary has been found.

2. *Correspondence of commitment and indictment in description of offense.*—When the defendant was bound over to answer an indictment for "burglary and grand larceny," and an indictment is found against him for either or both of those offenses, his bail are equally bound for his appearance.

3. *Order for bail after transfer of defendant for safe-keeping to another county.*—When the custody of the defendant, after commitment but before indictment found, is transferred to another county for safekeeping, and he there makes application for bail, the order admitting him to bail is properly indorsed on the cop -warrant annexed to the sheriff's return, and, if it requires the bail-bond to be "payable and conditioned as required by law," it sufficiently shows that he is required to appear at the proper court of the county in which he was committed, although it does not specify the name of the particular court or county.

4. *Same.*—In such case, the order admitting to bail is properly addressed and given to the sheriff who has the defendant in his custody, and bail is to be taken by him, although it binds the defendant to appear and answer an indictment in the county in which he was committed.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

"The defendant Holcombe, with other co-defendants, was committed by a magistrate to the jail of Marshall county, on a charge of burglary and grand larceny. Their commitment was formal and regular, but the magistrate failed to indorse on the *mittimus* the amount of bail required of the defendants. The jail of Marshall being an unsafe place for the confinement of defendants, they were duly transferred to the jail of the county of Madison. While there imprisoned, on the 4th of April, 1890, the defendant, Richard Holcombe, through another, sued out a writ of *habeas corpus* before Hon. H. C. SPEAKE, judge of the 8th judicial circuit, against Robert E. Murphy, the sheriff and jailor of Madison county, the object of which was to have his bail fixed, that he might

[Holcombe v. The State.]

give it, and be enlarged. The sheriff made his return, and attached thereto a copy of the *mittimus* of the committing magistrate, in Marshall county, as the cause of his detention of defendant. On the hearing of the application, the judge made the following order : 'It appearing to my satisfaction, that the offense with which the said Richard Holcombe is charged is bailable, and the said Richard Holcombe having waived an examination into the facts, it is ordered, that the said Richard Holcombe be admitted to bail, on executing a bond in the sum of one thousand dollars, payable and conditioned as required by law, with security to be approved by the sheriff of Madison county, Alabama.'

"Pursuant to this order, and on the same day it was made, the defendant was admitted to bail by said sheriff, on his entering into a bail-bond in the sum prescribed, with defendants, W. P. Newman and M. C. Baldridge as sureties, conditioned, that 'said Richard Holcombe should appear at the next term of the Circuit Court of Marshall county, Alabama, and from term to term thereafter, until discharged by law, to answer a prosecution pending in said court against him for burglary and grand larceny.'

"The sheriff returned the bail-bond, and all the papers in the *habeas corpus* case, to the circuit clerk of Marshall county before the first day of the next succeeding fall term of the Circuit Court of said county, for 1890 ; at which term, the grand jury of said county and court, returned two bills of indictment against said Holcombe, one for burglary and the other for grand larceny, being for the same offenses for which he was charged and bound over by said committing magistrate, and to answer which, he gave said undertaking in bail to the sheriff of Madison county. The said Richard Holcombe failed to appear at that term of the said Circuit Court, and a judgment *nisi* was rendered against him and his said sureties on said bail-bond, in the indictment for burglary; and at a succeeding term, the same, after due notice, was made final."

"The defendants made separate motions, each based on the same grounds, (1) to set aside the judgment *nisi;* (2) to dismiss the *scire facias;* and (3) to quash the recognizance of bail ; and on the same grounds on which they based said motions, they also demurred to said judgment *nisi.*"

BROWN & STREET, for appellants.

WM. L. MARTIN, Attorney-General, for the State.

HARALSON, J.—I. The first ground urged against the judgment *nisi* and *scire facias* is, that they do not show that any indictment had been found against the defendant, Holcombe. But, this objection is technical, and not meritorious. The judgment *nisi* and *scire facias* are each headed, "*The State v. Richard Holcombe, et al.* Indictment for burglary." Great particularity is not required in such proceedings, and the legislature has taken care to provide against technical defenses of this character, to such undertakings. The essence of all undertakings of bail is the appearance of defendant at court, and the bail is forfeited by the failure of defendant to appear, although the offense, judgment or other matter is incorrectly described therein, if the particular matter or case to which the undertaking is applicable, is made to appear to the court.—Code, § 4431; *Hanna's Case*, 60 Ala. 100; *Vassar's Case*, 32 Ala. 586; *Eldred's Case*, 31 Ala. 393.

II. For the same reasons, objections 2–5 can not be sustained. They proceed upon the idea, that because the defendant was bound over to answer an indictment for "burglary and grand larceny," therefore, if the indictment was for either, or both, separately, and not jointly, the bail-bond is not applicable to such a finding of the grand jury. The section of the Code, to which we have above referred, as was held by this court, in *Gresham's Case*, 48 Ala. 627, must be taken to apply to cases in which the indictment embraces or includes the particular offense mentioned in the undertaking of bail; as an indictment for manslaughter, in an undertaking of bail for murder; or, as here, for burglary, in one for burglary and grand larceny. The indictment, in a proper case, might have included both, or either.—*Bell & Murray's Case*, 48 Ala. 694.

III. The 6th–8th and 12th grounds question the authority of the judge who ordered the sheriff of Madison county to take bail, and the competency of the sheriff to take it, in obedience to such order. The judge had the defendant before him on *habeas corpus*, for the purpose, as is manifest, of fixing his bail, which the magistrate who committed him, neglected to do. In all cases coming before a judge on *habeas corpus*, if it is found the applicant has committed no offense, he is discharged; but, if it is ascertained he has committed one, and it is bailable, he must be admitted to bail, on offering sufficient bail; or, the amount required, must be indorsed on the warrant, as well as the court to which he is required to appear, and he may be afterwards discharged by the sheriff of the county, on giving bail, in

[Holcombe v. The State.]

the amount so required.—Code, § 4782. Here, the judge, as is shown, indorsed his order upon the copy of the *mittimus*, which·was made an exhibit to the petition. It is objected, he did not indorse it on the warrant. That is the very paper he did indorse it on,—the warrant of the sheriff to detain him, the *mittimus*,—for the original never accompanies the writ, or the return of the sheriff to the writ of *habeas corpus*, but a copy of it. The jailer keeps the original.—*Code*, § 4775. Besides, the requirement is merely directory.—*Callahan's Case*, 60 Ala. 65; *Merrill's Case*, 46 Ala. 82.

The order prescribed the amount of bail—$1,000—and, in substance, prescribed the court to which the defendant · should make his appearance. The order was, that defendant, Holcombe, be admitted to bail, in the sum prescribed, "payable and conditioned as required by law, with securities to be approved," &c. The *mittimus*, under which he was held, a copy of which, as has been stated, was attached to the writ of *habeas corpus*, under which the judge was proceeding to fix bail, made known the court to which he was bound to appear, and the order was indorsed on that paper. The order, and the warrant or *mittimus* on which it was written, went together to the sheriff, as one paper. He had no difficulty, nor did the defendant, in understanding from the two, to which court he was to be bound over. That section of the Code, 4782, was, therefore, substantially complied with, in all that was done.

IV. But, it is objected, that the order ought to have been given to the sheriff of Marshall, to the Circuit Court of which county the defendant was bound to appear, and not to the sheriff of Madison. It was with the sheriff of Madison, however, and not of Marshall, the judge was dealing. He had no authority, by virtue of the proceeding before him, over the latter, but he had over the former.—*Dunbar v. Frazer*, 78 Ala. 529. If the judge had refused bail, his action was subject to review by this court. Section 4413 of the Code provides, that when an application of the kind is refused in vacation, the evidence may be set out on exceptions, and application made thereon to the Supreme Court. And, if the Supreme Court grants the bail, its order must fix the amount required, and direct the same to be taken by the chancellor or judge to whom the primary application was made, or *by the sheriff of the county in which the defendant is confined.*—Code, § 4414. If, therefore, bail had been refused by the judge, and his action had been reviewed by this court, and bail allowed, we would, in such case, have ordered the sheriff of Madison to take the bail. Such an

order would be, to require that to be done, which, in the first instance, ought to have been done, and which the judge erroneously refused to do, clearly showing that the sheriff of Madison, who had the custody of defendant, was the proper officer to be ordered to take the bail.

V. The criticism on the bail-bond, that it is imperfect, and, therefore, invalid, because the words, "the offense of," do not appear in the bond, as they do in the form laid down in the Code, before the word, *burglary*,—making it read, "to answer for the *offense of* burglary," instead of, "for burglary"—can not be sustained. What is the difference in the undertaking with or without these words? Who was misled by their omission? The word *burglary, ex vi termini*, imports an offense.

What we have said is sufficient to dispose of all the other objections raised by defendants. There is no error in the record, and the judgment must be affirmed.