[The State v. Fuller.]

# The State *v.* Fuller.

*Summary Proceeding on Forfeited Appearance Bond.*

1. *When surety on appeaance bond not discharged by failure of grand jury to find indictment; discontinuance.*—When a defendant, upon a preliminary investigation, is bound over to await the action of the grand jury and his recognizance is continued for his appearance at the next term of the court, and from term to term thereafter until discharged by law, the failure of the grand jury at the next term of said court to prefer an indictment against him, does not discharge the sureties, when it appears that the case against the defendant was regularly entered on the docket and an order of continuance was duly made.

2. *Appearance bond; action of clerk of court in reference thereto.* Where a defendant charged with the same felony in three separate cases is, upon preliminary investigation, bound over to await the action of the grand jury in each of the cases, and the bail bond for each case is identical, except in one respect as to one of such bonds, and the grand jury prefers an indictment against him in each case, in the absence of some identifying mark by which the clerk of the court could tell to which indictment the bail bond should be applied, it is not improper for him to apply said bond to the cases indiscriminately.

3. *Same; when bond not sufficient to sustain summary judgment.* An appearance bond, which, after setting out the names of four persons, then recites that they "agree to pay to the State of Alabama, unless ............... appear at the next term of the said court," a certain sum, is insufficient to support a judgment upon the defendant forfeiting such bond; since it does not appear by reason of the blank in said bond who was the principal obligor.

APPEAL from the City Court of Montgomery.

Heard before the Hon. A. D. SAYRE.

One Brooks Fuller was arrested in the city of Montgomery upon a charge of assault with intent to murder, in three cases. He was carried before the recorder of the city of Montgomery sitting as a committing magis-

trate, and on April 8, 1899, the recorder bound said
Fuller over in each of the three cases to answer an in-
dictment for that offense, and fixed his bail in each of
the cases in the sum of $500.          Thereupon three sepa-
rate bonds were given by Brooks Fuller, Mrs. S. Fuller,
W. A. Gayle and T. W. Hannon, for the appearance of
said Brooks Fuller at the next term of the city court of
Montgomery, and from day to day thereof and from
term to term thereafter, until discharged by law, to an-
swer an indictment that may be preferred against him
in said court, "for the offense of an assault to murder."
Each of these bonds were the same in all particulars,
except the one involved in this case, which differed in
the particular as shown by the opinion. The next term
of the city court of Montgomery convened in July. At
said term of the court, no indictment was preferred
against Brooks Fuller on said charges.          On October 3,
1899, during the July term of the court, on motion of
the solicitor the court entered the following order in
each of the cases which appeared on the docket of said
court: "It is ordered by the court that the said charge
against the said Brooks Fuller is hereby continued for
investigation by the grand jury to be organized at the
next term of this court, and the sureties on the bond of
the said Brooks Fuller are held." At the same term of
the court the sureties on the appearance bond moved the
court to release them from further liability upon said
bonds, upon the following grounds: 1st. The prosecu-
tion against Brooks Fuller is discontinued.      2d.  The
condition of said alleged bond was that said Brooks
Fuller should appear at that term of the court to an-
swer the indictment and no indictment has been pre-
ferred against him.      The court overruled this motion.
Thereupon, at the same term of the court the sureties
moved the court to vacate and set aside the order en-
tered on October 3d, assigning several grounds therefor.
This motion was, on October 7, 1899, overruled. At the
October term, 1899, of the city court of Montgomery
the grand jury returned three indictments against said
Brooks Fuller, in each of which he was charged with an
assault with intent to murder. These indictments were
returned in the three cases in which Fuller had been

bound over to the grand jury by the recorder, and for which the bonds, as above stated, were executed. Upon the filing of said indictments, the clerk of the city court docketed each of said cases and placed the bond with the indictment in the manner stated in the opinion. Each of the cases against Brooks Fuller was set down for hearing during the October term, 1899, of the city court. On the day of said term on which said causes were set for trial, Brooks Fuller was called in each of said causes, but came not, but made default. Thereupon a forfeiture was taken in each of said cases, and a judgment *nisi* was rendered against the sureties and an *alias capias* for them issued. In response to the judgment *nisi,* the sureties appeared and answered. In their answer, they set up that said judgment should not be made final, but that they should be discharged. This contention on the part of the sureties was based on the several grounds which are sufficiently stated in the opinion.

On the hearing the court rendered judgment setting aside the judgment *nisi* and discharged the sureties. From this judgment the State appeals, and assigns the rendition thereof as error.

CHAS. G. BROWN and TENNENT LOMAX, for appellant. There was no discontinuance in this case. The cause against the defendant in each of the cases was docketed and an order was entered by the presiding judge continuing said case.—*State v. Kyle,* 99 Ala. 256; *Ex parte Stearnes,* 104 Ala. 93; *Rogers v. State,* 79 Ala. 59.

The bond which omitted the name of Brooks Fuller as the principal in its body was not void on that account. It was competent for the State to introduce parol evidence to show that Brooks Fuller, who had signed said bond, was the principal.—Code, § 4379; *State v. Elrod,* 31 Ala. 293; *Hanna v. State,* 50 Ala. 100; *Foster v. State,* 38 Ala. 425.

The court erred in the judgment rendered.—*Ex parte Stearnes,* 104 Ala. 93; *State v. Kyle,* 99 Ala. 256; *Vasser v. State,* 32 Ala. 586; *Badger v. State,* 5 Ala. 21.

JOHN W. A. SANFORD, JR., *contra.*—Under the facts in the case, the court had no power or authority to make

any order of continuance in this case.—*Ex parte Stearnes,* 104 Ala. 93; *Rogers v. State,* 79 Ala. 59; *State v. Kyle,* 99 Ala. 256.

One of the bonds is beyond cavil or question absolutely void for want of any condition to be performed. Nothing in the face or body of either of said bonds indicates in the slightest degree to which of these cases each respectively belongs. None of them show which indictment it is undertaking to answer. The record discloses the fact that the clerk of the city court put certain numbers upon them which correspond with the numbers of the indictments, but neither the clerk nor any one else has the right to assign either of these bonds to any particular case. The void bond applies with equal certainty to all, or either of said cases. Consequently, the court cannot single out in which cases the good bonds were executed, and making the forfeiture final in them, assign the void one to the remaining prosecution. The void bond applies with equal propriety to each case. We plead it to each case.—*Brown v. State,* 104 Ala. 117. Nor can the deficiency be supplied by parol evidence. *Dover v. State,* 45 Ala. 244; *State v. Whitley,* 40 Ala. 728; *Gray v. State,* 43 Ala. 41.

HARALSON, J.—The act approved in 1870 (Acts, 1869-70, p. 47), amending the act to establish the criminal court of Montgomery, provides that the court "shall hold three terms each year, commencing on the 3rd Monday in February, and the second Monday in July and October," and fixes no limit for the terms.

The defendant, Brooks Fuller, was bound over to the July term, 1899, of the court, for an assault with intent to murder The bail bond was returned to the city court by the recorder of the city of Montgomery, who acted as a committing magistrate, and who took and approved the same. No indictment was found at that term of the court, but before the adjournment of the term, and on the 3rd of October, 1899, on motion of the solicitor the court entered an order, which after reciting that the grand jury organized at that term had failed to find an indictment, continued the charge against defendant for

investigation by the grand jury to be organized at the next ensuing term of the court.

This order the sureties on the bail bond, at said July term of the court, moved the court to discharge on several grounds, which motion was denied. A judgment *nisi* was entered against the sureties who appeared and answering, set up many grounds why the said judgment should not be made final, and why they should be discharged. Among these grounds were, that said Fuller was under no bond for his appearance at the term of the court at which indictments were found against him; because said Fuller was under no bond at all; because the bond is *functus officio;* because at the term of the court, the order continuing the charge for further investigation was made, no case had been docketed against him, and nothing was pending against him in said court, and because the clerk of the court had no authority, to say to which case (there being three charges of the same character and three bail bonds) any particular bond should apply. The evidence showed that on the return of each indictment, the clerk placed one of the bail bonds in each indictment, which was correspondingly numbered

The court granted the motion and discharged the sureties.

There was no merit in the contention that the bail was discharged because the case against the defendant was not investigated by the grand jury at the term to which he was bound over. At that term, as the record shows, the court ordered that the charges against defendant be continued for investigation by the next grand jury, and that the sureties on the bail bond be held. This order saved the case from a discontinuance.—*Ex parte Stearnes,* 104 Ala. 93; *State v. Kyle,* 99 Ala. 256; *Rogers v. The State,* 79 Ala. 59.

The three bail bonds were identical, except in one respect as to the one in this case, to be presently noticed, and the indictment being identical as to the offense charged, the one undertaking was as applicable to the one case as to the other. Neither bond showed the party assaulted, nor was this necessary.—Code, § 4362. There is no merit, therefore, in the contention, that because

the undertakings did not bear some identifying marks, by which the clerk of the court could tell to which indictment when returned, he could place each bail bond, that there was no undertaking for defendant's appearance in either case. He did place an undertaking in each case, and the disposition he made of them was not improper. The sureties suffered no detriment on this account.—*Vasser v. The State,* 32 Ala. 586.

In this particular case,—number 223,—the bail bond filed, unlike the ones filed in the other two cases, contained a blank. It reads: "We, Brooks Fuller, S. Fuller, W. A. Gayle and T. W. Hannon agree to pay the State of Alabama five hundred dollars unless . . . . . . . . . . . . . . . appear at the next term of the city court of Montgomery," etc. It is signed by the parties in the order named. It does not apear who is the principal obligor, and, for aught appearing, either of them may have been the principal. In *Dover v. The State,* 45 Ala. 253, it was said: "The statute having directed every undertaking must be in writing, and expressed in a certain form of words, and approved by the officer taking it, no deficiencies in these particulars can be helped by parol proof. If the statutory directions are pursued, the instrument will be so perfect that the court can, upon inspection, proceed to give judgment upon it, without averments to supply its deficiencies, and consequently without parol proof in support of its regularity. In effect, the undertaking of bail under the statute becomes a record upon which the court alone premises judgment."—*The State v. Whitney,* 40 Ala. 728.

Our conclusion is, that the judgment of the city court in this case, for the deficiency of the undertaking as stated, must be affirmed.

Affirmed.