# Hanna *v.* The State.

## *Prosecution for Bastardy.*

1. *Bond for appearance in court.*—The statutory bond required by the justice of the peace, before whom proceedings in bastardy are instituted (Code of 1876, § 4072), is only intended to secure the defendant's appearance in court to answer the charge, and, having served its purpose when he has appeared, he can not then be heard to question its sufficiency; nor is the bond invalid, because it does not particularly describe or identify the case (§ 4853), when the affidavit and warrant, returned with it, show to what particular case it applies.

2. *Examination of complainant by justice.*—When a bond has been taken by the justice, conditioned for the defendant's appearance in court to answer the charge, as required by the statute, and the bond is returned and filed in the court, this is sufficient to show that the necessary preliminary examination was had before him, and to confer jurisdiction on the court to proceed with the case.

3. *Infancy of female complainant.*—Although the proceeding is instituted by the affidavit of the mother, and costs may be adjudged against her, if a verdict is found for the defendant; yet, the prosecution being conducted in the name of the State as plaintiff, the infancy of the mother is immaterial, and does not render necessary the interposition of a next friend for her.

Appeal from the Circuit Court of Blount.

Tried before the Hon. Louis Wyeth.

The record in this case shows that, on the 10th July, 1877, Louisa J. McAnally, a single woman, appeared before a justice of the peace of said county, and made oath that she was delivered of a bastard child in said county on the 30th May, 1877, and that Frank A. Hanna was the father of said child; that the justice thereupon issued his warrant for the arrest of said Hanna, under which he was arrested by a constable; that on the 20th July, 1877, the said Hanna executed a bond, with sureties, which was approved by the said justice, by which he agreed "to pay the State of Alabama seven hundred and fifty dollars, the sum prescribed by the magistrate, unless the said Frank A. Hanna appears at the next.term of the Circuit Court of Blount county, and from term to term thereafter until discharged by law, to answer a prosecution and complaint in bastardy;" and that said affidavit, warrant, and bond were by the justice returned to the Circuit Court, where they were filed by the clerk. The defendant appeared in the Circuit Court, by attorney, and moved to quash and dismiss the proceedings, on the ground that the bond was insufficient to bring into exercise the jurisdiction of said court, and the court had no jurisdiction;

which motion the court overruled. The defendant then moved to dismiss the proceeding, on the ground that said complainant was an infant under twenty-one years of age, and to require her to give security for the costs for the same reason; which motions also were overruled by the court. The defendant then filed a plea in abatement, averring that the complainant was under twenty-one years of age, and had not sued by next friend, nor given security for the costs; to which plea a demurrer was sustained by the court. An issue was then made up under the direction of the court, between the State as plaintiff and said Hanna as defendant, as to the paternity of the child; and the issue having been found by the jury against the defendant, he was required by the court to enter into bond, conditioned as required by the statute, for the support and maintenance of the child. The defendant reserved exceptions to the overruling of his several motions; and the bill of exceptions states that, on the hearing of said motions to dismiss, the original papers returned by the justice were the only evidence adduced, and the infancy of the complainant was admitted. The overruling of the motions to dismiss, and the judgment on the demurrer to the plea in abatement, are now assigned as error.

C. F. HAMILL, for the appellant.—Proceedings in bastardy are statutory and penal, and the requisitions of the statute must be strictly complied with. As to such proceedings, the Circuit Court is not a court of general jurisdiction, and its records must show every fact necessary to uphold the jurisdiction. The bond taken by the justice of the peace is void: it nowhere identifies the case in which it was taken, nor does it show that it was required by the justice after an examination and hearing, or that the defendant waived such examination. These things were essential to the jurisdiction, and ought to have been shown; and no effort was made to supply these defects of the bond. But the deficiencies of the bond could not be supplied, since the statute in reference to recognizances (Code of 1876, § 4853) does not apply to such a case. The bond was a nullity, and the proceeding ought to have been dismissed.—*Seale v. McClanahan*, 21 Ala. 345; *Judge of Limestone County Court v. Kerr*, 17 Ala. 328; 21 Ala. 772; *Gunn v. Howell*, 27 Ala. 663; *Wilson v. Judge of County Court*, 18 Ala. 760. The defendant had a right to appear, and move to dismiss the case, and was not compelled to wait until the bond was forfeited before he could attack its validity; hence, his appearance was no waiver of the defects in the bond.

2. If the issue had been found in favor of the defendant,

judgment for costs would have been rendered against the complainant; yet, she being an infant, such a judgment would have been erroneous, and liable to be set aside on motion.—Tyler on Infancy, 52, 65, 192-4, 204-06. Hence, the interposition of a next friend or guardian was necessary.

JOHN W. A. SANFORD, Attorney-General, for the State.— The bond was only intended to secure the defendant's appearance in court; and having fulfilled its purpose when the defendant appeared, its sufficiency or insufficiency was immaterial. Besides, the case was sufficiently identified by the affidavit and warrant, which were returned with it. The prosecution being conducted in the name of the State, and the female complainant being only a witness, her infancy was outside of any issue that could arise.—*Pruitt v. Judge of County Court,* 16 Ala. 705.

MANNING, J.—Upon affidavit of one Louisa J. McAnally, a single woman, that she had been delivered of a bastard child in Blount county, and that appellant was the father of the child, he was brought, by a warrant issued thereupon, before a justice of the peace of said county, and entered into an undertaking of bail to appear at the next term of the Circuit Court of the same county, "to answer to a prosecution and complaint in bastardy." The proceedings were under the statutes embraced in chapter 6, beginning with section 4071 (4396) of the Code of 1876, and "conducted in the name of the State as plaintiff, and accused as defendant."— § 4092. The charge against him was filed in the name of the State, by its solicitor, and over his signature; and the defendant, appearing in person and by counsel, moved to quash the proceedings; alleging that the bond was not sufficient in law to bring into exercise the jurisdiction of the Circuit Court, and that no examination was shown to have been had by the magistrate.

1. One of the points made is, that the bond fails to identify the case to which it refers. To this there are two answers. The prosecution is initiated by the affidavit, or "complaint on oath" (§ 4071) of the mother of the bastard child; which affidavit is not objected to, as in any respect insufficient. It describes an offense, of which the Circuit Court, a court of general jurisdiction, has cognizance, to compel the father to secure a provision, prescribed by statute, for the child; and the bond required by the justice of the peace is only a method of compelling the defendant to appear in court, to answer to the charge to be made on behalf of the State, against him. When he has done this, the bond

[Hanna v. The State.]

has served the purpose for which it was taken; and not being forfeited, no question of its sufficiency can arise. And secondly, according to section 4853 (4245) of the Code of 1876, the bond is not invalid, "although the offense, judgment, or other matter, is incorrectly described in such undertaking; the particular case, or matter, to which the undertaking is applicable, being made to appear to the court." The particular case is here shown by the affidavit, which was filed by the magistrate, with the bond, as the statute requires (§ 4073), and with the warrant, in the Circuit Court.—See *The State v. Eldred*, 31 Ala. 393; and *Vassar v. The State*, 32 Ala. 586.

2. The other objection is, that the jurisdiction of the Circuit Court did not attach, because it nowhere appears that the defendant was brought before the justice of the peace, and an examination thereupon had by him, upon which he required the bond to be given. It has never been usual, in practice, for justices of the peace, in any such cases, when bail-bonds are in fact executed, to make formal entries of judgments, setting forth that, after examination had, just cause was shown why the accused should be bound over to appear at the Circuit Court, to answer for the offense charged against them, and that thereupon they were required to execute such bonds. When the magistrate has taken a bond, and in writing approved it, and filed it in the Circuit Court, this is sufficient evidence that he satisfied himself it ought to have been taken. And according to the terms of the statute (§ 4073), nothing more is necessary to enable the Circuit Court, a court of general jurisdiction, to take cognizance of a cause like the present, than the filing of the bond and affidavit, the latter being the "complaint" mentioned in that section, and the "complaint on oath" mentioned in section 4071. Upon these, the court is authorized to proceed, as in the present instance it did, by causing an issue to be made up, and tried by a jury.

3. The motion to quash being overruled, appellant moved to dismiss the cause, and afterwards filed a plea to have it abated, on the ground that the mother of the child was a minor, and had not appeared by next friend. But she is not the plaintiff. She is only a witness, on whose affidavit, or "complaint on oath," the prosecution by the State is begun; and although, if the State fail in it, she may be taxed with the costs, this can not be a reason why it should be held that she must make an affidavit by *prochein ami*.

Let the judgment of the Circuit Court be affirmed.