# Tenn. Mutual Building & Loan Association v. The State.

*Action against Foreign Corporation for Statutory Penalty.*

1. *By whom action may be instituted, and in what court.*—The statute imposing a penalty on foreign corporations doing business in this

[Tenn. Mutual Building and Loan Association v. The State.]

State, without a compliance with constitutional and statutory provisions regulating their right to do business here (Sess. Acts 1886-7, p. 102), provides that an action to recover the penalty shall be brought in the name of the State, "by the solicitor of the circuit in which the offense is committed," but does not specify the court in which it shall be brought; and the City Court of Gadsden having all the powers and jurisdiction of a Circuit Court, while its solicitor is "charged with the performance in said court of all the duties imposed by law upon circuit solicitors;" *held*, that an action to recover such penalty may be brought in said court. and by its solicitor.

2. *Judgment by default against corporation, without writ of inquiry.* In an action against a corporation to recover a statutory penalty, judgment by default may be rendered on proof of service on a person named as agent; and the penalty being necessarily the amount of the recovery, no writ of inquiry is necessary to assess the damages.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

Action in the name of the State, against a foreign corporation, to recover a statutory penalty. Judgment by default, for amount of penalty.

J. A. BILBRO, for appellant. (1.) The statute under which this action was brought, being highly penal, is to be strictly construed.—*Grooms v. Hannon*, 59 Ala. 510; *Dale Co. v. Gunter*, 46 Ala. 118; *Janney v. Buell*, 55 Ala. 408. The right and duty to bring the action are conferred only on "the solicitor of the circuit," and the action must necessarily be brought in the Circuit Court. The solicitor of the City Court of Gadsden had no authority to bring the action, and that court had no jurisdiction of it.—*Stevenson v. O'Hara*, 27 Ala. 362; *Matthews, Finley & Co. v. Sands & Co.*, 29 Ala. 136. (2.) A judgment by default, without writ of inquiry, can only be rendered on an "instrument of writing ascertaining the plaintiff's demand."—Code, § 2740; *Warwick v. Brooks*, 67 Ala. 252; *Man. Fire Ins. Co. v. Fowler*, 76 Ala. 372; *Wagner v. Turner*, 73 Ala. 197. (3.) In an action against a corporation, where process is served on an agent, the character and fact of agency ought to be proved.

B. F. POPE, *contra*.

HARALSON, J.—The act of the legislature, "to give force and effect to section 4, Article XIV of the Constitution of the State of Alabama," approved February 28, 1887 (Acts 1886-7, p. 102), provides, that it shall be unlawful for any company, corporation or association, not organized under the laws of this State, to engage in or transact any business in the State, before complying with the provisions

of section one of that act, and any such company, corporation or association violating the provisions of the act, shall, for each offense, forfeit and pay to the State, the sum of one thousand dollars. Section 5 of the act provides, that every penalty provided for in this act shall be sued for and recovered in the name of the State of Alabama, by the solicitor of the circuit in which the offense is committed, and when sued for and collected, must be paid by the solicitor into the State treasury, less 25 per cent. to be retained by said solicitor for his services," &c.

Benjamin F. Pope, as the solicitor of the City Court of Gadsden, commenced this proceeding in said City Court, in the name of the State against the defendant, alleged to be a corporation not organized under the laws of this State, and which was alleged to have violated section 4 of said act, to recover of it the penalty of $1,000, as there prescribed. There are several counts in the complaint, and it is noticeable that in none of them is it stated what business the defendant did carry on in the State in violation of said act. This may have been good ground of demurrer, but we do not now pass on that point, as it is not before us. The summons and complaint purport to have been executed by the sheriff, on the 10th November, 1891, on J. E. Whaley, as agent of the defendant corporation, and the judgment entry recites, that proof was made that J. E. Whaley was the agent of the defendant, at the time of the service of the summons and complaint on him. The defendant made default, and on the 7th March, 1892, the court rendered a judgment against it, without the intervention of a jury, for $1,000 damages and costs, upon no other proof, so far as the record shows, than the proof of service as above stated. There is no bill of exceptions in the record.

The act creating the City Court of Gadsden, approved February 18, 1891 (Acts 1891–92, p. 1092), provides, in its first section, that the "court shall have and exercise all the jurisdiction and powers which now are or may hereafter be by law conferred on the several Circuit Courts of this State." The act of February 28th, 1887, does not provide in terms in what court the suit for the penalties therein provided shall be brought. Its language is, "That every penalty provided for in this act shall be sued for and recovered in the name of the State of Alabama, by the solicitor of the circuit." These words imply, plainly enough, that the Circuit Court is referred to ; but they are not exclusive of the City Courts of the State, having and authorized to exercise the same jurisdiction and powers, in all respects, as the Circuit Courts.

[Tenn. Mutual Building and Loan Association v. The State.]

In respect to the power of the judge of the City Court of Selma, it was provided in the charter creating that court, that its judge should have power and jurisdiction co-extensive with that which is exercised by judges of the Circuit Court and chancellors, and declared, specially, that this power and jurisdiction should include "the authority to issue writs of injunction, *mandamus, certiorari,* prohibition, *ne exeat,* and all other remedial writs;" and, under this grant of power we held, that the judge of that court had, in respect of such writs, the same power and authority to issue them, returnable in any part of the State, as any other judge or chancellor had.—*E. & W. R. R. Co. v. E. T., Va. & Ga. R. R. Co.,* 75 Ala. 279; *Stevenson v. O'Hara,* 27 Ala. 362; *Matthews, Finley & Co. v. Sands,* 29 Ala. 136.

The statute creating said City Court of Gadsden, in its 11 section, provides for the election by the General Assembly of a solicitor of said court, who "shall be charged with the performance of the same duties in the said City Court, and subject to the same liabilities and penalties in respect thereto, as are by law imposed upon circuit solicitors in like cases in the Circuit Courts of this State." It appears, therefore, that the City Court of Gadsden had jurisdiction of this cause, and its solicitor the authority to institute and prosecute this suit in the name of the State. The authority to institute the proceeding, conferred by the first statute referred to—that of 28th February, 1887,—on the circuit solicitors, it may be fairly inferred, was designed by the legislature to be extended by the later enactments to the solicitor of the City Court of Gadsden, which court has like jurisdiction with the Circuit Court, of causes for the violation of said penal law. The power to institute such proceedings was not special, and designed to be confined to the Circuit Court solicitors, to the exclusion of the City Court and county solicitors, if the same duties and responsibilities are imposed upon them as upon the former class. Authorities *supra.*

There was no necessity for a writ of inquiry to assess the damages in this case. The suit was for a statutory penalty, and judgment had to be rendered for the amount of the penalty, if for anything, against the defendant. Such a recovery followed necessarily the rendition of a judgment by default.

We find no error in the record, and the judgment must be affirmed.