# Walker v. The State.

*Bastardy.*

1. *Appearance bond.*—Upon the appearance of a defendant, the appearance bond becomes *functus officio*, and its validity or invalidity is immaterial.

2. *Warrant and affidavit; motion to quash; when too late.*—A motion to quash an affidavit and warrant in a bastardy proceeding on the ground that the affidavit failed to set out jurisdictional averments, comes too late, when made for the first time in the circuit court, on appeal.

3. *Same; amendment of in bastardy proceedings.*—The defects of the affidavit and warrant in bastardy proceedings, not objected to before the justice of the peace, may be cured on appeal to the circuit court by the filing by the solicitor of an unsworn complaint containing proper averments.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. J. M. CARMICHAEL.

This is a proceeding in bastardy commenced before a justice of the peace. The affidavit, warrant, and appearance bond are respectively as follows:

State of Alabama, }
Bullock county. }

Before me, W. C. Smith, a justice of the peace for said county, personally appeared Elizabeth Dix, who being

[Walker v. The State.]

duly sworn, deposes and says she is a single woman and that she is in a family way with a bastard child, and that Henry Walker is the father thereof.

                                  Elizabeth Dix.

Sworn to and subscribed before me, this the 27th day of March, 1894.

                              W. C. Smith, ᵠ J. P.

State of Alabama, ⎱
Bullock county.  ⎰

To any officer of the State : ·

Complaint on oath having been made before me that the offense of bastardy has been committed, and accusing Henry Walker thereof, you are hereby commanded forthwith to arrest Henry Walker and bring him before me. Dated this 27th day of March, 1894.

                              W. C. Smith, J. P.

State of Alabama, ⎱  May 8th, 1894.
Bullock county.  ⎰

We, Henry Walker, Freeman Walker and F. L. and B. B. Merritt, agree to pay the State of Alabama $600, unless the said Henry Walker appear at the next term of the circuit court of Bullock, and from term to term till discharged by law to answer a criminal prosecution for the offense of bastardy.

                              Henry Walker.
                              Freeman Walker.
                              B. B. & F. L. Merritt.

Approved May 8. 1894.
          W. C. Smith, J. P.

The bill of exceptions states (no objection having been raised before the justice of the peace) that the defendant by counsel appeared specially and moved the court to dismiss the case on the following grounds :

1st.  "The bond made by the defendant and approved by the justice of the peace is invalid, defective and void, in that, it names no offense or charge known to the law; and in that, the only description of a charge or offense in said bond is insufficient to connect the defendant with any case before the court, and therefore the court has no jurisdiction in this case."

2d.  "The warrant is invalid, void and defective in that it names no offense or charge known to the law, and therefore the proceedings in this case, both in this court and the justice court are void."

3d. "It does not appear from the affidavit and warrant, or elsewhere, that the prosecutrix was a single woman at the time the child was begotten.

4th. "It does not appear from the affidavit, or warrant, or elsewhere, that the prosecutrix was a resident of the county of Bullock at the time of making the affidavit and complaint."

Thereupon the court allowed the solicitor to amend the affidavit of prosecutrix by adding the fact that she was a resident of Bullock county at the time of making the affidavit, and that she was a single woman at the time the child was begotten, and overruled the motion and defendant duly excepted upon all the grounds named. These amendments were not sworn to, but there was evidence tending to support them. To these amendments the defendant objected, but the objection was overruled, and the defendant excepted. The defendant asked the court to make up the issue for the jury as to whether he was the father of the child. The jury found the issue against the defendant.

The rulings of the court as above indicated are assigned as error.

MERRITT & STOWERS, for appellant, cited the following authorities : *Strong v. State*, 105 Ind. 1 ; *U. S. v. Terraved*, 20 Fed. Rep. 621 ; Code, 1886, § 4842 ; *Collins v. State*, 78 Ala. 433 ; *Williams v. State*, 29 Ala. 9 ; *State v. Woodson*, 99 Ala. 201; *Ex parte Hays*, 25 Fla. 279.

WM. C. FITTS, Attorney-General, *contra*.

(No brief on file.)

McCLELLAN. J.—The question in this case is not whether Walker was under any statutory or common law obligation to appear in the circuit court and answer the charge of bastardy. That question might be of moment if he had not appeared and the sureties on his bond were being proceeded against for that he failed to appear. But he did appear in that court and the issue between him and the State as to whether he was the father of the illegitimate child of Elizabeth Dix, a single woman resident of the county, was there tried and adjudged against him. And it is manifestly of no consequence whether

the appearance bond was good or bad, or whether there was any appearance bond at all or not so far as the regularity and validity of the judgment is concerned.

Nor is the question here whether the proceedings before the justice of the peace were so lacking in formality and the showing of facts authorizing action on his part that perjury could not be assigned upon false swearing in the trial had before him, as in the case of *Collins v. The State*, 78 Ala. 433. Perjury cannot be assigned of an oath before a *de facto* officer though his action taken upon such oath may be perfectly valid.— *Walker v. State*, (Mss.). Nor yet even where the whole proceeding before the justice was *coram non judice* and void for the absence of averment or other mode of showing some jurisdictional fact. But the question is whether the circuit court had jurisdiction of this case when that court proceeded to try it and to render the judgment now appealed from. And upon the reasoning and authority of the cases of *Hanna v. State*, 60 Ala. 100, and *Smith v. State*, 73 Ala. 11, our conclusion is that the circuit court not only had jurisdiction of the case but committed no error in the trial of it. In the latter of these cases the affidavit was defective in that it failed to aver that the affiant was a single woman and a resident of the county in which the prosecution was commenced; nor did these facts otherwise appear in the papers before or which were issued by the justice; and these defects were sought to be taken advantage of by demurrer and, as here, by motion to quash, &c., in the circuit court. These were overruled, the solicitor was allowed to file an unsworn complaint in the circuit court setting up these and other statutory facts; and upon that complaint the issue was tried, and judgment entered against the defendant. The judgment was affirmed in this court on the ground that the regularity of the proceeding before the justice could not be attacked for the first time in the circuit court. By the light of that decision every point made in this case, except as to the bond, must be determined against the appellant. *Smith v. State*, 73 Ala. 11. And, as we have already seen, the bond being intended merely to secure the appearance of the defendant, and he having in fact appeared and trial of the issue between him and the State having been had, it is of no consequence whether the bond

[Wright v. The State.]

is or ever was of any efficacy or not.—*Hanna v. State*, 60 Ala. 100.

Affirmed.