# Williams *v.* The State.

### *Bastardy Proceedings.*

1. *Bastardy; jurisdiction of city court.*—A city court, having the powers and jurisdiction of a circuit court, has jurisdiction of proceedings in bastardy, arising within its territorial jurisdiction.

2. *Same; when motion to quash comes too late; amendment.*—A motion, in a city or circuit court on appeals, to quash an affidavit and warrant in a bastardy proceeding, because of irregularities in the proceedings before the justice of the peace before whom the prosecution was commenced, and of an alleged irregularity of the bond required of him, comes too late when it is made for the first time in said city or circuit court; and defects in the proceeding, not objected to before the justice of the peace, may be cured in the city or circuit court to which the defendant was bound over.

3. *Same; admissibility of letter from defendant to prosecutrix.*—In a bastardy proceeding, a letter of the defendant to prosecutrix, the genuineness of which is admitted by the defendant, and which tends to show an affection and intimacy between him and the prosecutrix, is admissible in evidence.

4. *Same; fact of prosecutrix's intercourse with others admissible.*—In a bastardy proceeding, the fact of prosecutrix's having had illicit intercourse with other persons than defendant is admissible in evidence; and the defendant has the right to ask the prosecutrix, being examined as a witness, if she had not had sexual intercourse with other named parties, giving the time and place, which were fixed within the

period of gestation, she not having been delivered; and upon her denial, it is competent for defendant to prove as a fact the illicit intercourse inquired about.

5. *Charge of court to jury; right to explain same.*—Where a court, at the request of defendant, has given a charge which was erroneous, there is no error in the court explaining such charge by a subsequent instruction declaring the law correctly.

6. *Bastardy; charge of court to jury.*—In a bastardy proceeding, a charge which instructs a jury that they "may take into consideration the fact that Corrie Thomas [the prosecutrix] came into court to testify as to her pregnancy in this case, in determining whether she was pregnant," is erroneous, and should not be given.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

On the 5th day of September, 1896, Corrie Thomas made affidavit before W. A. Yeatman, a justice of the peace, that she was a single woman residing in Calhoun county, Alabama, and pregnant with a bastard child, and that Henry Williams was the father of the child. On the same day said justice of the peace issued a warrant for the arrest of Henry Williams for the offense of bastardy "by pregnating Corrie Thomas." Henry Williams was arrested on the 7th day of September, 1896, and had his trial before said justice of the peace on the 16th day of September, 1896, and was on that day held under a $300 bond for his appearance at the next term of the city court of Anniston, and from term to term thereof until discharged by law, "to answer a criminal prosecution for the offense of bastardy by pregnating Corrie Thomas."

At the November term of the city court of Anniston, the defendant moved the court to quash the bond in this case, that defendant was required by the justice of the peace, one W. A. Yeatman, to enter into for his appearance in this court to answer "a criminal prosecution for the offense of bastardy by pregnating Corrie Thomas," and movant further moved that this case be dismissed out of the court, and that he be discharged from further attendance thereon or appearance therein. The grounds of said motion were: "1st. That said W. A. Yeatman, justice of the peace, had no legal authority to require movant to enter into said bond for his appearance, in this court to answer the charge, and that he exceeded his jurisdiction in doing so. 2d. That this court has

no jurisdiction to try this case for that, neither said bond nor any of the papers or proceedings in said cause, shows that the alleged offense occurred within the jurisdiction of this court, or that she is pregnant with, or has been delivered of, a bastard child within the jurisdiction of this court. 3d. There is "no criminal prosecution for the offense of bastardy by pregnating Corrie Thomas" pending in this court, nor was there any such prosecution pending before or tried by said justice before he required movant to enter into said bond. 4th. The statute under which said justice acted and under which he required movant to enter into said bond is in derogation of the common law, and explicitly required said justice if there was probable cause to bind defendant at all, that he should be bound in a bond, conditioned to appear at the next term of the circuit court of Calhoun county. 5th. There is no statute or law conferring upon this court jurisdiction to try bastardy cases, and this court has no jurisdiction of this case. 6th. This court has not acquired jurisdiction of the parties." The court overruled this motion, and the defendant duly excepted.

On November 27th, 1896, the State of Alabama filed a complaint in the cause in which it charges that defendant is the real father of the child with which Corrie Thomas, a single woman, is pregnant, as alleged in the affidavit complainant made before W. A. Yeatman, J. P., on the 5th day of September, 1896. The defendant demurred to this complaint, on the ground that it fails to show that the city court had jurisdiction of the case. The court overruled this demurrer, and the defendant duly excepted.

The prosecutrix testified to facts showing that the defendant was guilty of the offense charged.

The State introduced in evidence, against the objection and exception of defendant, a letter which was written by the defendant to the prosecutrix tending to show an affection and intimacy between the defendant and the prosecutrix. The handwriting in this letter was proven to be that of the defendant, and the defendant, himself, admitted having written the letter.

On the cross-examination of the prosecutrix, the defendant, for the purpose of laying a predicate to contradict and impeach her testimony, asked her by separate questions, if she had not been criminally intimate with

[Williams v. The State.]

several named men, other than the defendant, giving the times and places. To each of these questions she answered in the negative. Upon the introduction as witnesses of these several parties inquired about in the questions asked the prosecutrix, the defendant, after fixing the time and place, asked them if they had not been criminally intimate with the prosecutrix. The State objected to each of these questions, the court sustained the objections, and the defendant separately excepted to each of these rulings. Subsequently the witnesses were allowed to testify that they had been criminately intimate with the prosecutrix.

The court, at the request of the defendant, gave to the jury the following written charge : "The burden of proving that defendant is the father of the child with which Corrie Thomas is pregnant is upon the State ; and if the evidence that has been adduced before the jury leaves the minds of the jury in a state of doubt and uncertainty as to whether the defendant is its father, the jury can not convict the defendant or find the issue against him, and their verdict should be for the defendant." After the giving of this charge at the request of the defendant, the court further instructed them in reference thereto as follows : "Gentlemen, upon the subject of a state of doubt and uncertainty in your minds, it may be right for me to add to what I have said that it is not every uncertainty or doubt in your minds which entitles the defendant to a verdict. You are not to be satisfied beyond a reasonable doubt as in criminal cases generally, but you must be reasonably satisfied by a preponderance of testimony in behalf of the State before you can find for the State." The defendant duly excepted to the giving of this explanatory charge of the court. The other instructions contained in the general charge of the court, to which the defendant reserved exceptions, is copied in the opinion.

The 15th assignment of error is as follows : "The court erred in charging the jury as follows : 'But what I mean to say, and what I do say is, if the State has proved its case by a preponderance of evidence that the State is entitled to your verdict.'" There is no such instruction, as set out in this assignment of error, contained in the abstract.

There were verdict and judgment, adjudging the de-

[Williams v. The State.]

fendant to be the father of the child involved in this prosecution. From this judgment the defendant appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

MATTHEWS & WHITESIDE, for appellant.—1. The justice of the peace had no authority to bind the defendant to appear before the city court. If the evidence warranted it, he should have been bound to appear at the circuit court of Calhoun county.—Code of 1886, §§ 4844-5. This statute is penal and must be strictly complied with. *Kerr v. State*, 17 Ala. 328; *Wilkinson v. Ketler*, 59 Ala. 310.

2. Notwithstanding the city court is invested with all the jurisdiction of circuit courts, so far as circuit courts are courts of general jurisdiction, yet it does not necessarily follow that it was invested with the jurisdiction of circuit courts in bastardy proceedings, they being, as to bastardy proceedings, courts of limited and special jurisdiction.—*Stevenson v. O'Hara*, 27 Ala. 362; *Lanier v. Youngblood*, 73 Ala. 587. The charge given by the court was erroneous.—*Campbell v. State*, 55 Ala. 80.

WILLIAM C. FITTS, Attorney-General, and A. P. AGEE, for the State.—The cause being in the territorial jurisdiction of the city court of Anniston, said court had jurisdiction thereof.—Acts 1892-93, 334, § 1; Acts 1889-90, 572, § 21; *Tenn. M. B. & L. Asso. v. State*, 99 Ala. 197.

2. If any objection can be taken to this oral charge by the court as embodied in the 11th assignment of error, viz., "You may take into consideration the fact that Corrie Thomas came into court to testify as to her pregnancy in this case in determining whether or not she is pregnant," it can not be more than that it is argumentative, and it argues as much that her appearance did not show pregnancy, as that it showed pregnancy. There is no error in giving an argumentative charge where no injury is shown, and there is no injury shown here. *Bell v. Kendall*, 93 Ala. 489; *Waxelbaum v. Bell*, 91 Ala. 331; *McQueen v. State*, 94 Ala. 50; *Trufant v. White*, 99 Ala. 526.

3. The court ought not to have given the written

OF ALABAMA.

[Williams v. The State.]

charge requested by appellant.—*A. G. S. R. R. Co. v. Hill*, 93 Ala. 514; *Rowe v. Baber*, 93 Ala. 422.

COLEMAN, J.—This is a proceeding in bastardy, instituted by Corrie Thomas before a justice of the peace. The appellant was bound over to the city court for trial. We have no doubt of the jurisdiction of the city court to try and determine the question involved in proceedings in bastardy, arising within its territorial jurisdiction. *Tenn. Mutual B. & L. Asso. v. The State*, 99 Ala. 197. The jurisdiction of the city court was fully considered and determined in the case cited. Nor do we doubt that the court ruled properly in overruling the motion to quash, because of the proceedings before the justice of the peace, and the bond required by him.— *Walker v. The State*, 108 Ala. 56; *Miller v. The State*, 110 Ala. 69. There is nothing in the abstract which indicates that the complaint filed by the solicitor was insufficient. On the trial, the fact was clearly established that the prosecutrix was living within the territorial jurisdiction of the court, and was not controverted.

The letter of the defendant to the prosecutrix was competent evidence. The handwriting was proven, and its genuineness admitted by the defendant. It tended to show an affection and intimacy between the parties.

The defendant had the right to inquire of the prosecutrix, if she had not had sexual intercourse with other named parties, giving the time and place, and which were fixed within the period of gestation, she not having been delivered; and upon her denial, it was competent to prove as a fact the sexual intercourse inquired about. The error in sustaining the object to the question was subsequently cured by permitting the parties, as to whom the inquiry was directed, to testify as to the special occasions.

The charge given by the court, at the request of the defendant, was too favorable to him, and should not have been given. The explanation complained of declared the law correctly. When a charge asserts a correct proposition, under the statute, (Code of 1886, § 2756), it can not be qualified; but that rule has no application when the charge requested is erroneous, nor does it deprive the court of the power to explain.—*Eiland v. State*, 52 Ala. 322.

[Scott v. The State.]

The abstract does not bear out appellant in his criticism of the charge of the court contained in the 13th assignment of error. According to the abstract, no such instruction was given. It is only found in the exception of appellant and in his assignment of error, and not in the charge of the court.

The court erred in giving the following instruction to the jury: "You may take into consideration the fact that Corrie Thomas came into court to testify as to her pregnancy in this case, in determining whether she was pregnant." If this charge carried with it no other signification than that the witness made profert of her person before the jury, and that her apparent condition might be considered on the fact of her pregnancy, *possibly*, the charge would not be objectionable. But the most natural meaning of the charge, and the one probably placed upon it, and the one intended by the court, was that the mere fact of her coming into court, and testifying that she was pregnant, of itself was a fact in evidence, which they should consider "in determining whether she was pregnant." We can perceive no reason, and we know of no authority, which sanctions the principle. The instruction is also argumentative, and in a case of this character, coming from the court, it was calculated to unduly impress the jury. For this error the judgment is reversed and the cause remanded.

Reversed and remanded.