(88 South. 34)

McGILVARY v. STATE. (4 Div. 629.)

(Court of Appeals of Alabama. June 29, 1920. Rehearing Denied Nov. 9, 1920.)

BASTARDS ⬅️92—TRIAL COURT NOT PUT IN ERROR FOR SUSTAINING OBJECTION TO QUESTION TO DEFENDANT.

In a bastardy case, the trial court will not be put in error for sustaining objection to the question to defendant whether at the squire's court he did not object to going to trial on the paper the court had out in the justice court charging him with "that," where it does not appear that defendant objected to going to trial in the justice court on account of the absence of the allegation in the complaint that complainant was a single woman.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Aaron McGilvary was convicted of the offense of bastardy, and he appeals. Affirmed.

McDowell & McDowell, of Eufaula, and G. W. Winn, of Clayton, for appellant.

The court erred in declining to permit the defendant to show that he objected to going to trial on the original affidavit and warrant in the justice court, and in refusing to quash the proceedings because the original warrant did not allege that the prosecutrix was a single woman. 71 Ala. 11.

J. Q. Smith, Atty. Gen., for the State. No brief came to the Reporter.

MERRITT, J. The defendant was convicted for the offense of bastardy, and appeals. Prosecution was begun on warrant and affidavit before a justice of the peace, both the affidavit and warrant designating the offense as bastardy. At the April term, 1918, the solicitor filed in court a complaint setting out all the necessary allegations of a complaint charging bastardy. At the October term, 1919, of the circuit court of Barbour county, the judgment recites the filing at the spring term of the complaint by the solicitor and cause continued. This judgment also recites that the defendant moves the court to quash the proceedings and dismiss the complaint, and the motion was overruled. The bill of exceptions states in the beginning that at the October term, 1919, the defendant moved the court to quash the warrant and the proceedings, and the court overruled the motion. The defendant also moved the court

to quash the warrant and the complaint because the warrant did not aver that the complainant was a single woman. The court overruled the motion. During the examination of the defendant he was asked this question:

"I will ask you if at Squire McCall's court you did not object to going to trial on the paper that the court had out there in the justice court charging you with that [meaning the original warrant]?"

The court sustained an objection made by the solicitor to this question. Conceding, without deciding, that the filing of the complaint by the solicitor and the appearance of the defendant at the spring term, 1919, and continuance, without objection, did not cure any defects in the complaint (Walker v. State, 108 Ala. 56, 19 South. 353), the trial court will not be put in error for sustaining the objection to the question, for it does not appear that the defendant objected to going to trial in the justice court on account of the absence of the allegation in the complaint that the complainant was a single woman. Furthermore, his objection to going to trial on the "original warrant" in the justice court does not show that he made a motion to quash the proceedings in the justice court, or, if made, on what grounds the motion to quash was predicated.

There is no error in the record, and the judgment is affirmed.

Affirmed.